UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO J. DIQUEZ,  :
                                : Civil Action No. 09-4018(GEB)
       Petitioner, :
                                :
         v. : **OPINION**
                                :
GARY M. LANIGAN, et al.,  :
                                :
       Respondents. :

RECEIVED
JUN 30 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

    KATHLEEN M. THEURER, ESQ.
    LAW OFFICE OF PAUL CONDON
    33-41 Newark Street, Suite 4A
    Hoboken, New Jersey 07030
    Counsel for Petitioner, Eduardo J. Diquez

    SIMON LOUIS ROSENBACH, ESQ.
    MIDDLESEX COUNTY PROSECUTOR'S OFFICE
    25 Kirkpatrick Street, 3d Floor
    New Brunswick, New Jersey 08903
    Counsel for Respondents

**BROWN**, Chief Judge

    Petitioner Eduardo J. Diquez, a convicted state prisoner confined at the East Jersey State Prison in Rahway, New Jersey, at the time he submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges his 2000 New Jersey state court conviction and sentence. For the reasons stated herein, the Petition will be dismissed as time-barred.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of the January 3, 2000 New Jersey state court conviction of petitioner Eduardo J. Diquez ("Diquez") on the charge of aggravated manslaughter, pursuant to a negotiated plea agreement. Diquez was sentenced to a custodial term of twenty years, subject to the 85% parole ineligibility provision of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

On May 27, 1998, the Middlesex County Grand Jury indicted Diquez on the charge of murder in the first degree in violation of N.J.S.A. 2C:11-3a(1). On October 1, 1999, Diquez pled guilty before the Honorable Mathias Rodriguez, J.S.C., in the Superior Court of New Jersey, Law Division, Middlesex County, to the charge of aggravated manslaughter, N.J.S.A. 2C:11-4(a), in the first degree. On January 3, 2000, Judge Rodriguez sentenced Diquez to a prison term of twenty (20) years, subject to the provisions of NERA. Thus, Diquez was sentenced to serve 85% of his prison sentence, which is 17 years, and serve a parole term for five years upon release from the correctional facility.

Diquez filed a direct appeal from his sentence. On October 2, 2000, the Superior Court of New Jersey, Appellate Division affirmed the sentence, finding as follows:

> Defendant was sentenced to a custodial term of twenty years for aggravated manslaughter, subject to the "No Early Release Act," N.J.S.A. 2C:43-7.2. The negotiated plea agreement called for a base term of up to twenty-five years.

2

> During the sentencing, the trial court observed "[m]itigating factors obviously outweigh the aggravating factors which means that under the law the sentence should be diminished from the maximum." Defendant argues that this statement is erroneous since, if the mitigating outweigh the aggravating factors, the base term shall be decreased from the presumptive sentence not, as the trial judge observed, "diminished from the maximum." See N.J.S.A. 2C:43-6. Defendant argues that the judge's finding of preponderating mitigating factors requires a reduction in the base term from the twenty-year custodial term imposed. We disagree.
>
> If there is preponderance of mitigating factors, the court "may" decrease the presumptive sentence within the limits of N.J.S.A. 2c:43-6. N.J.S.A. 2c:44-1f; see also State v. Kruse, 105 N.J. 354, 360 (1987). Here, the trial judge was presented with a plea agreement calling for a sentence of up to twenty-five years. Nevertheless, he tempered the negotiated agreement by imposing the presumptive term of twenty, rather than twenty-five years after carefully considering the qualitative, as well as the quantitative nature of the aggravating and mitigating factors. Id. at 354. We find no abuse of discretion.

See October 2, 2000 Order of the Superior Court of New Jersey, Appellate Division, at Docket entry no. 12.

Diquez did not file a petition for certification with the Supreme Court of New Jersey, or a petition for certiorari with the Supreme Court of the United States denied certification on January 21, 1999.

On March 15, 2005, Diquez filed a petition for post-conviction relief ("PCR") with the Superior Court of New Jersey, Law Division, Middlesex County, raising numerous claims of ineffective assistance of counsel. A supplemental PCR petition was filed by appointed counsel on April 6, 2006.

The state PCR application was heard by the Honorable Jane B. Cantor, J.S.C., on April 28, June 29, June 30, and July 18-20, 2006. Judge Cantor denied the PCR petition in a written decision and Order filed on August 15, 2006. Diquez appealed the decision denying his PCR petition. The Appellate Division affirmed denial of post-conviction relief on October 20, 2008. The Supreme Court of New Jersey denied certification on February 26, 2009.

Diquez submitted this habeas petition under 28 U.S.C. § 2254 on or about August 10, 2009,[1] raising fifteen (15) grounds for relief, including a claim that his sentence is excessive, numerous claims of ineffective assistance of counsel, claims that he was prejudiced when no interpreter was provided at his plea and sentencing hearing, a claim that NERA did not encompass the crime for which he was convicted, and a claim that he was denied work and commutation credits against his sentence. Diquez retained counsel to represent him in this matter in November

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Diquez handed his petition to prison officials for mailing, he signed a certification of his petition on August 5, 2009. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that August 5, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on August 10, 2009.

2009, who then resubmitted a similar petition on Diquez's behalf on April 1, 2010. (Docket entry no. 6). Respondents filed an answer to the petition on December 6, 2010, raising affirmative defenses that the petition is time-barred and that certain claims are unexhausted.[2] Diquez did not file a reply or traverse.

## II.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d

---

[2] It would appear that all of the claims asserted by Diquez in this habeas petition were raised in his state PCR proceedings.

at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled,

6

from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Diquez's judgment of conviction became final after the enactment of AEDPA. His judgment of conviction was entered on January 3, 2000, and it appears that Diquez promptly filed a direct appeal on the issue of his sentence only. The Appellate Division affirmed the sentence, finding no abuse of discretion by the trial judge, on October 2, 2000. No petition for certification was filed with the Supreme Court of New Jersey, nor

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

did Diquez file a petition for a writ of certiorari with the Supreme Court of the United States. Thus, direct review became final under § 2244(d)(1), 90 days after November 1, 2000, or on January 30, 2001.[4] See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13. Diquez then had one year from January 30, 2001, or until January 30, 2002, to file his federal habeas petition under § 2254. There appears to be no dispute that January 30, 2001 was the date Diquez's conviction became final and the statutory period started to run.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Diquez would have had to file his state PCR petition before the one-year period had expired, or before January 30, 2002. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Diquez's state PCR petition was filed on March 15, 2005, more than three years after the statute of limitations had expired on January 30, 2002. Thus, this Court finds that there was no statutory tolling of the limitations period in this case under 28 U.S.C. § 2244(d)(2).

However, a litigant may be able to overcome this statutory time bar under the doctrine of equitable tolling in appropriate

---

[4] The State notes that Diquez did not file a petition for certification with the New Jersey Supreme Court, but had 30 days from October 2, 2000 (when the Appellate Division affirmed the sentence on direct appeal), or by November 1, 2000, to do so. Consequently, the 90-day time period within which to file for a petition for certiorari with the United States Supreme Court, starts to run from November 1, 2000 and concludes on January 30, 2001.

cases. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549 (2010); Pace v. DiGuglielmo, 544 U.S. 408 (2005); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562; Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." Lacava, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant

9

equitable tolling. Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Further, in Holland, the Court held that the propriety of a court's exercise of its equitable powers should be made on a case-by-case basis. Holland, 130 S.Ct. at 2563-64. In addition,

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

10

the Holland Court ruled that the diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence." 130 S.Ct. at 2565.

Turning to the case at hand, Diquez fails to expressly argue that he is entitled to equitable tolling. In fact, he does not reply or respond in any meaningful way with regard to the State's affirmative defense that this petition is untimely. However, in the petition itself, Diquez contends that he did not exhaust his state remedies on direct appeal (and therefore, did not file his state PCR petition promptly upon completion of direct review) because he was not proficient in the English language from 1998 to 2005, and was in administrative segregation.

This argument suggests that Diquez may be claiming that he should not be held to a strict application of § 2244(d) because he filed his first state PCR petition in good faith as soon as he was able, albeit, long after the one-year federal statutory time period had expired. This argument presumes that as long as a petitioner attempts to exhaust state-court remedies prior to initiating suit in federal court, then any state PCR application can serve to toll the limitations period, even if filed outside the one-year federal statute of limitations. A similar argument was declined by the Supreme Court in Pace. There, the Supreme Court observed that "a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de*

11

*facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." 544 U.S. at 413.

Therefore, while Diquez's state PCR petition may have been timely filed under state law,[6] it was untimely under the federal statute of limitations for habeas actions. Consequently, Diquez's state PCR petition did not serve to toll the limitations period under § 2244(d)(2).

Moreover, this Court finds that Diquez is not entitled to equitable tolling on the grounds that he asserts, namely, that he was not proficient in the English language from 1998 to 2005, and because he was in administrative segregation for several months from December 2004 to February 10, 2005. First, Diquez can not claim his ignorance of the law or a miscalculation of the statute of limitations to excuse his late habeas petition under equitable tolling. Federal courts have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. See Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Furthermore, even if Diquez was ignorant

---

[6] In actuality, the state PCR petition was not timely filed within the five-year limit under N.J. Ct.R. 3:22-12. The five-year limit expired on January 3, 2005, and petitioner's PCR application was filed two months later on March 15, 2005. Diquez alleged that he was in "lock-up" from December 6, 2004 through February 10, 2005, which prevented him from access to the prison law library to complete his PCR petition. (See the Amended PCR Petition at ¶ 9, Docket entry no. 11). It does not appear from the record provided, however, that the state PCR petition was dismissed under N.J.Ct.R. 3:22-12.

of the fact that his limitations period began to run on January 30, 2001, this ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads or misunderstands the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

Finally, Diquez fails to show any extraordinary circumstances nor does he claim that he had been prevented from asserting his rights in some extraordinary way. His argument that he was confined in administrative segregation for several months from December 2004 through February 10, 2005, which limited his access to the prison law library, comes long after the one-year federal statutory period expired. Moreover, his lack of proficiency in the English language can not be said to have prevented him from asking his attorney to pursue his rights on his behalf for five years. This significant and lengthy period of time clearly does not suggest even minimum diligence on the part of petitioner in pursuing his rights, which is necessary to support a claim for equitable tolling. See Holland, 130 S.Ct.

at 2565; <u>Lacava</u>, 398 F.3d at 275 (this is not one of the "rare situations" where equitable tolling "is demanded by sound legal principles as well as the interests of justice."); <u>Brown v. Shannon</u>, 322 F.3d at 773.

Therefore, this Court finds that Diquez's § 2254 habeas petition is time-barred under 28 U.S.C. § 2244(d). Further, as the facts alleged in this case by Diquez do not support a finding of reasonable diligence on his part in pursing his rights, this Court finds that Diquez has not shown that extraordinary circumstances stood in his way and prevented him from timely filing his petition necessary to entitle him to equitable tolling. Thus, the Court concludes that this habeas petition is untimely and must be dismissed accordingly.

### III.   <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue. <u>See</u> Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S.

473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., Chief Judge
United States District Court

DATED: June 30, 2011